McGREGOR W. SCOTT
United States Attorney
ANNE PINGS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2785

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| IN RE: GRAND JURY SUBPOENAS 2007A-11-5, 2007A-11-06 | MISC. NO. S-07-0063-EJG<br><br>**ORDER** |

On July 13, 2007, this Court heard oral argument on the motion to quash grand jury subpoenas filed by Dr. Kerwin and Riverbank Primary Care Medical Center (movants). The Court denied the motion for the reasons set forth below.

Movants argued in their motion that the subpoenas are overbroad because they do not specify a period of time. There was no factual assertion by the defendant that a specific time frame would reduce the breadth of the subpoenas. Moreover, the Court is satisfied from the government's ex parte proffer that the 158 patient files are directly related to the grand jury's investigation.

-1-

1       The movants also argued that the subpoena should be quashed
2  because it costs too much money for them to produce the
3  documents.  There is no cost involved in producing original
4  documents to the grand jury.  If the movants make their own
5  choice to make copies, they should bear those costs.  To the
6  extent the movants have requested that the government be ordered
7  to pay costs of copying, that request is also denied.
8       The movants also argued that the subpoena should be quashed
9  because it infringes upon patient's privacy interest.  The Court
10 notes that there is no federal doctor-patient privilege and the
11 case upon which the movants rely, <u>Pagano v. Oroville Hospital</u>,
12 145 F.R.D. 683 (E.D.Ca. 1993), is overruled.  Although the
13 Supreme Court and some out of circuit cases have recognized some
14 degree of privacy in patient records, even those cases and the
15 regulation at 45 C.F.R. § 164.512(f)(1)(ii) recognize that any
16 privacy interest patients have in their medical records is
17 outweighed by a grand jury subpoena that is relevant and
18 material to a legitimate law enforcement inquiry.  The
19 government's ex parte submission to the Court has shown that the
20 file are directly relevant and material to the grand jury's
21 inquiry and that any privacy interests of the patients are
22 outweighed.
23      Lastly, the movants claim that Dr. Kerwin has a personal
24 privacy interest in documents produced by other entities which
25 contain allegations of misconduct by the doctor.  The Court
26 noted that any such interest was outweighed by the grand jury's
27 interests as described in the ex parte proffer.  Moreover, the
28 Court noted that the doctor cannot have a right against self-

incrimination in documents created by other entities.

For all the foregoing reasons, the motion to quash the subpoenas is DENIED.

July 24, 2007         /s/ Edward J. Garcia
                      Edward J. Garcia
                      United States District Judge